IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BENJAMIN B. LITTLES, Reg. No. 29358-018, Plaintiff, | § § § § | |
| v. | § | EP-11-CV-31-PRM |
| THOMAS GOFORTH, et al., Defendants. | § § § § | |

## ORDER ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Benjamin B. Littles ("Littles"), a federal prisoner proceeding *pro se* and *in forma pauperis*, has brought a civil rights complaint [ECF No. 23] under *Bivens*[1] against defendants employed at the La Tuna Federal Correctional Institution in Anthony, Texas,[2] the Federal Transfer Center in Oklahoma City, Oklahoma, and the Federal Prison Camp in Pensacola, Florida. Littles claims that the defendants were deliberately indifferent to his serious medical needs after he injured his right elbow.

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment.[3] In order to recover damages, an inmate must show objectively (1) that he was exposed to a substantial risk of serious harm, (2) that the official was actually aware of the risk and consciously disregarded it, and (3) that the official acted, or failed to act, with

---

[1] *See Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (establishing that the Constitution, in some circumstances, may support private causes of action against federal officials for constitutional torts).

[2] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas. 28 U.S.C.A. § 124(d)(3) (West 2011).

[3] *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment.") (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).

deliberate indifference to that harm.[4] "Deliberate indifference is more than mere negligence in failing to supply medical treatment."[5] Deliberate indifference is also more than a disagreement between patient and doctor as to the appropriate care.[6] Rather, to show deliberate indifference to serious medical needs, the inmate "must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'"[7] "Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference."[8]

The United States Magistrate Judge to whom the Court referred this matter has prepared a report and recommendation [ECF No. 32].[9] In his report, the Magistrate Judge explains that he ordered [ECF No. 25] officials at the La Tuna facility to provide medical records relevant to Littles's claim. He further explains that his "[r]eview of the pertinent medical records shows that [Littles] received continuous care during the time period at issue. There is no indication that the defendants refused to treat Plaintiff and disregarded a serious medical risk."[10] Accordingly, the

---

[4] *Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

[5] *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001).

[6] *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

[7] *Domino v. Tex. Dept. of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

[8] *Banuelos*, 41 F.3d at 235 (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193–95 (5th Cir. 1993)).

[9] *See* 28 U.S.C.A § 636(b)(1)(B) (West 2011) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation).

[10] Report & Recommendation 6.

Magistrate Judge concludes that Littles's "allegations . . . are insufficient to establish that the Defendants acted with deliberate indifference to a serious medical need. [Littles] merely disagrees with his medical treatment."[11] The Magistrate Judge recommends that the Court dismiss the claims against the La Tuna defendants for failure to state a claim on which relief may be granted. The Magistrate Judge further recommends that the Court transfer the claims against the Oklahoma and Florida defendants to the appropriate United States District Court because 28 U.S.C. § 1391(b) "permits venue . . . in the judicial district . . . where . . . defendant may be found."[12]

The Magistrate Judge gave Littles fourteen days to file written objections to his proposed findings, conclusions, and recommendations.[13] A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects.[14] As to other portions of the report, or when a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law"

---

[11] *Id.* at 6–7.

[12] *Id.* at 7.

[13] *See* 28 U.S.C.A. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

[14] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

standard of review.[15] After completing its review, the Court may accept, reject, or modify the report, in whole or in part.[16] To date, Littles has not responded to the report.[17]

Accordingly, after reviewing the report, the Court finds that the Magistrate Judge's proposed findings of fact and conclusions of law are neither clearly erroneous nor contrary to law.[18] Therefore, the Court enters the following orders:

1. The Court **ACCEPTS** the Magistrate Judge's report and recommendation [ECF No. 32].

2. The Court **DISMISSES WITH PREJUDICE** Plaintiff Benjamin B. Littles's claims against all defendants at the La Tuna Federal Correctional Institution in Anthony, Texas, including Leo Altenberg, Kristina Behrens, Leticia Perez, R. Chavez, Carl Berry, and Rogelio Sanchez, for failure to state a claim on which relief may be granted.[19]

3. The Court **ORDERS** the District Clerk to **TRANSFER** Plaintiff Benjamin B. Littles's claims against Thomas Goforth and John Doe, the defendants at the Federal Transfer

---

[15] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate . . . where there has been no objection to the magistrate's ruling.").

[16] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); FED. R. CIV. P. 72(b) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

[17] *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988) ("[A] party is not entitled to de novo review of a magistrate's finding and recommendations if objections are not raised in writing by the aggrieved party . . . after being served with a copy of the magistrate's report.").

[18] *Wilson*, 864 F.2d at 1221.

[19] 28 U.S.C.A. 1915(e)(2)(B)(ii) (West 2011); 28 U.S.C.A. § 1915A(b)(1) (West 2011).

Center in Oklahoma City, Oklahoma, to the Western District of Oklahoma for disposition.[20]

4. The Court **ALSO ORDERS** the District Clerk to **TRANSFER** Plaintiff Benjamin B. Littles's claims against B. Packard, the defendant at the Federal Prison Camp in Pensacola, Florida, to the Northern District of Florida, Pensacola Division, for disposition.

5. The Court **DENIES** all pending motions as moot.

6. The Court **ORDERS** the District Clerk to close EP-11-CV-31-PRM.

**SO ORDERED.**

SIGNED on this 25 day of October, 2011.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[20] *See Brinar v. Williamson*, 245 F.3d 515 (5th Cir. 2001) (holding that an interlocutory transfer order is not appealable).